# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| MICHAEL J SNELLING, JR, | : |
| Plaintiff, | : |
| v. | : Case No. 5:18-cv-00036-MTT-CHW |
| BALDWIN STATE PRISON, | : |
| Defendant. | : |

# ORDER

Plaintiff Michael J Snelling, Jr., currently confined in Johnson State Prison, filed a document in the United States District Court for the Northern District of Georgia concerning the conditions of Plaintiff's confinement at Baldwin State Prison. Compl., ECF No. 1. The Northern District of Georgia construed Plaintiff's filing as a civil rights complaint brought under 42 U.S.C. § 1983 and transferred it to this Court. Order Transferring Case, ECF No. 2. On March 2, 2018, Magistrate Judge Charles H. Weigle directed Plaintiff to (1) submit a properly completed motion to proceed *in forma pauperis* or pay the $400.00 filing fee and (2) file a recast complaint if Plaintiff wished to proceed with this action. Order to Recast Compl., ECF No. 5. The Magistrate Judge afforded Plaintiff twenty-one (21) days in which to respond and cautioned Plaintiff that failure to fully comply with the Court's directives would result in dismissal of Plaintiff's Complaint. *Id*. at 3. When the deadline elapsed without response from Plaintiff, the Magistrate Judge then ordered Plaintiff to respond and show cause why this action should not be dismissed for failure to comply with the Court's directives. Order to Show Cause, March 30, 2018, ECF No. 6. Thereafter, Plaintiff filed a response (ECF No. 7)

and a motion to amend (ECF No. 8), explaining that Plaintiff had been transferred to another prison and was unable to respond to the Court's order. Consequently, the Magistrate Judge afforded Plaintiff an additional twenty-one days in which to file a recast complaint and properly completed motion to proceed *in forma pauperis*. Order to Recast, April 27, 2018, ECF No. 9.

When Plaintiff again failed to comply with the Court's deadline, the Magistrate Judge again ordered Plaintiff to show cause for the failure and afforded Plaintiff another twenty-one days to respond. Order to Show Cause, May 31, 2018, ECF No. 10. Plaintiff filed a response on June 18, 2018, which alleged Plaintiff attempted to comply with Court's order but previously was prevented from doing so. Response, ECF No. 11. Thereafter, the Magistrate Judge afforded Plaintiff a fifth opportunity to file a complaint using the Court's standard forms and either pay the filing fee or submit a properly completed motion to proceed *in forma pauperis*. Order, July 12, 2018, ECF No. 12. Plaintiff failed to fully comply with the Court's order, choosing instead to refile what appears to be a photocopy of his January 14, 2018, filing which initiated this action and a "statement of oath." Affidavit, ECF No. 13. In the statement, Plaintiff alleges that in 2017 Plaintiff was sexually assaulted by three different inmates while confined in the I-Dorm at Baldwin State Prison. Statement of Oath 1-4, ECF No. 13-1. Plaintiff failed to submit a motion to proceed *in forma pauperis*, failed to pay the filing fee, and failed to submit a civil rights complaint using the court's standard forms.

As of today's date, over five months have elapsed since Plaintiff was originally directed to file a recast complaint and either pay the filing fee or submit a motion to proceed without

prepayment of the fee. In those five months, Plaintiff was afforded five opportunities to comply or file an appropriate response, and the record reflects that Plaintiff is capable of responding to the Court's orders. It, therefore, appears that Plaintiff has simply chosen to ignore the Court's directives. As a result of Plaintiff's repeated noncompliance, the Court is unable to determine if Plaintiff qualifies to proceed *in forma pauperis* in this action and is unable to properly review Plaintiff's complaint under 28 U.S.C. § 1915A. Plaintiff raises claims arising under the Eighth Amendment but has failed to name a competent defendant or include sufficient allegations to causally connect the alleged constitutional violations to an identifiable state actor. For these reasons, and because Georgia's two-year statute of limitations will not prevent the filing of Plaintiff's Complaint in the near future, the instant action is hereby **DISMISSED WITHOUT PREJUDICE**. *See* Fed. R. Civ. P. 41(b); *Brown v. Tallahassee Police Dep't*, 205 F. App'x 802, 802 (11th Cir. 2006) ("The court may dismiss an action *sua sponte* under Rule 41(b) for failure to prosecute or failure to obey a court order." (citing Fed. R. Civ. P. 41(b) and *Lopez v. Aransas Cty. Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir. 1978))).

**SO ORDERED**, this 17th day of August, 2018.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT